UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN A. FLIPPIN, | No. 2:13-cv-1381 KJN P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6        In his complaint, plaintiff alleges that on April 9, 2012, his home was "shot up" by four
7  suspects in a black vehicle, with over 20 to 30 rounds shot through his kitchen window.  Plaintiff
8  claims his wife was grazed by bullet fragments or debris on her upper back and called 911.  (ECF
9  No. 1 at 2.)  The police arrived at plaintiff's home and by loud speaker called him and his family
10 members out of the house.  Plaintiff was handcuffed and placed in a police car; plaintiff's
11 daughter and mother-in-law were placed in a different police car.  Plaintiff's wife was placed in
12 an ambulance.  (ECF No. 1 at 3.)  Several officers rushed into 500 Grennan to search for five to
13 ten minutes, then hurried to plaintiff's neighbor's home where they kicked in the door and
14 brought out the neighbor, his friend and his young son.  Plaintiff alleges that defendant Officer
15 Kenney told plaintiff that he knew from an informant that there was an AK-47 in the house, and
16 asked plaintiff whether the house could be searched again.  (ECF No. 1 at 3.)  Plaintiff refused,
17 and told defendant Kenney that the officer could not ask his mother-in-law because she had
18 dementia.  Plaintiff alleges that defendant Kenney immediately went to the car in which
19 plaintiff's mother-in-law was sitting and began questioning her, and plaintiff saw defendant
20 Kenney hand her the same written consent to search form that the officer had tried to get plaintiff
21 to sign.  Plaintiff then saw defendant Kenney return to plaintiff's home and come out shortly
22 thereafter carrying a green duffel bag.  Plaintiff was later transported to the Solano County Jail
23 where he was told that police found an AK-47 and some ammunition, and plaintiff was charged
24 with several criminal offenses.  (ECF No. 1 at 3.)  Plaintiff alleges that defendants violated his
25 and his family's constitutional rights with an illegal search and seizure.  Plaintiff obtained an
26 attorney who filed a motion to suppress the weapon, but plaintiff states he is still faced with a
27 possible trial.  For relief, plaintiff seeks monetary damages for the violation of "their
28 constitutional rights," and claims he wants these issues to be investigated, and award his family

for the abuse endured since April 9, 2012." (ECF No. 1 at 2.)  Finally, on August 15, 2013, plaintiff filed a notice of change of address to Deuel Vocational Institution (ECF No. 6), suggesting that plaintiff was convicted of criminal charges.

First, to the extent plaintiff attempts to raise a Fourth Amendment claim alleging wrongful search of the home on behalf of his wife or other family members, plaintiff does not have standing to pursue such a claim.  "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." Alderman v. U.S., 394 U.S. 165, 174 (1969).  "[O]nly the person whose Fourth Amendment rights were violated can sue to vindicate those rights." Moreland v. Las Vegas Metropolitan Police Dept., 159 F.3d 365, 369 (9th Cir. 1998).

Second, it appears that plaintiff's claims for damages are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.  Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. Id.  If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.  Plaintiff may not seek damages for an alleged wrongful conviction until such conviction is overturned or invalidated through a petition for writ of habeas corpus.

Here, plaintiff did not specify the criminal offenses charged, or the nature of the criminal conviction he sustained that resulted in his housing in state prison.  However, plaintiff alleges facts demonstrating that his conviction is the result of charges imposed based on the events of April 9, 2012, and concedes that his attorney filed a motion to suppress the evidence gained from the April 9, 2012 search.  Therefore, it appears that plaintiff's claims are barred by Heck.

////

1  Accordingly, plaintiff is directed to show cause why this action should not be dismissed without
2  prejudice.
3       In accordance with the above, IT IS HEREBY ORDERED that:
4       1. Plaintiff's request for leave to proceed in forma pauperis is granted.
5       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
6  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
7  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
8  Director of the California Department of Corrections and Rehabilitation filed concurrently
9  herewith.
10      3. Plaintiff is ordered to show cause, within twenty-one days, why his complaint should
11 not be dismissed without prejudice.
12 Dated:  June 3, 2014

14 gard2481.osc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5